# EXHIBIT 1



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED

JUL 01 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| JOSHUA REED and ANTHONY ACUNA, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. CJ-2024-02511 |
| ASCENSION HEALTH; SHAWNNA YOST, | ) William D. LaFortune |
| Defendants. | ) |

# PETITION

Plaintiffs, Joshua Reed and Anthony Acuna, (hereinafter "Plaintiffs"), and for their claims against Defendants, Ascension Health ("Ascension Health") and Shawnna Yost ("Yost") (collectively referred to as "Defendants"), allege and state as follows:

## PARTIES, JURIDICTION, AND VENUE

1. At all relevant times, Plaintiffs were residents of Tulsa, Oklahoma. Plaintiffs are former employees of Ascension Connect, LLC. ("Ascension Connect.")

2. Ascension Health is a non-profit corporation incorporated under the laws of the State of Missouri and maintains its principal place of business in St. Louis, Missouri. Based on information and belief, Yost is a resident of the State of Missouri and is employed by Ascension Health. Ascension Health owns hundreds of hospitals around the country, including Ascension St. John Hospital in Tulsa, Oklahoma. Ascension Connect is a subsidiary of Ascension Health.

3. Defendant Shawnna Yost is the person who made the defamatory statements about Plaintiffs described herein resulting in the termination of their employment and causing the damages described below.

4.   This Court has personal jurisdiction over the Defendants, and Tulsa County District Court is the proper venue for this action.

## STATEMENT OF FACTS

5.   Plaintiffs are nurses who provide nursing services to hospitals around the country. In 2023, Plaintiffs applied for employment with Ascension Connect, and on April 4, 2023, they were hired. At all relevant times, Reed's supervisor was Cindy Daniel and Acuna's supervisor was Kristy Wisterman. Daniel and Wisterman were supervised by Yost.

6.   On April 16, 2023, Plaintiffs were assigned to provide nursing services to Ascension via Christi St. Joseph Hospital in Wichita, Kansas. Plaintiffs continued to provide nursing services to St. Joseph Hospital patients until June 30, 2023. On this date, Plaintiffs were assigned to a shift that extended from 7:00 a.m. to 7:00 p.m. There were not many patients at the hospital that day, and the charge nurse, Hope Guerrero, invited Plaintiffs to leave early and not complete their shifts. Prior to making this invitation to Plaintiffs, Ms. Guerrero sought and received the approval of Carie Boresh, who was with Ascension management. Plaintiffs accepted Ms. Guerrero's invitation to leave the hospital before the end of their shift.

7.   Yost is employed by Ascension Health. On June 30, 2023, it came to Yost's attention that Plaintiffs may have left their shifts early that day. Yost directed Wisterman to prepare termination letters to Plaintiffs. The letter was prepared and delivered to Plaintiffs on July 3, 2023. The letter stated that:

Date of Incident: 2023-06-30
Description of Incident or Event:

> Josh's assignment was to work 0700-1900 Monday through Friday. On Friday at approximately 0900, he handed off his patients to another RN, and told the charge RN that he was leaving. He never asked leadership for permission to leave early nor did he let them know he was leaving.

Mr. Acuna received a similar letter alleging similar facts.

2

8. On July 3, 2023, Plaintiffs were contacted by Kristie Wisterman who was acting on behalf of corporate management. She advised Plaintiffs that she had received an email from Yost stating that Plaintiffs left their shifts on Friday June 30th without permission, abandoning their shifts and their patients. Wisterman stated that Ascension saw this shift abandonment as a voluntary resignation and therefore they were choosing to terminate Plaintiff's employment. Plaintiffs explained to Wisterman that this was not true and that they did not leave without permission. Wisterman stated that this decision was already made and there would be no changing it.

9. Reed contacted the charge nurse, Guerrero, to get an explanation. She advised that Plaintiffs were sent home due to low census and that she would state that in an email. She also told Plaintiffs that she excused several other employees from completing their shifts early that day due to low census. Guerrero promised to send an email confirming these facts. Those other employees continued to work for Ascension without any adverse consequences. Guerrero wrote her email as promised, and Plaintiffs sent the email to Ascension's human resources department.

10. Reed thereafter spoke to Audrey Dowling, who as a mediator acted on behalf of Ascension employees who were having issues within the company. She took Guerrero's email to Ascension human resources and leadership and was told that the termination would stand.

11. Reed then spoke to his manager, Cindy Daniel, who advised she "could not believe this was happening." She explained that Yost wanted to "cancel Plaintiffs' assignment."

12. The next day Dowling called Reed to advise that Ascension would proceed with the termination.

13. Dowling later returned to Ascension human resources for another review and was told that HR had decided to remove the termination letters from Plaintiffs' employment files in order to make Plaintiffs re-hirable for future employment with Ascension. Dowling advised that Ascension Health found that Plaintiffs voluntarily resigned. Plaintiffs protested this finding and stated that they had not voluntarily resigned. She stated again that this was the stance Ascension was taking and the conversation abruptly ended. To Plaintiffs' knowledge, the termination letters have not been removed from Plaintiffs' employment files.

14. After Plaintiffs received their last paycheck with the company, they requested copies of their W-2s. It was clear from the W-2s that Ascension Connect did not pay Plaintiffs for shift bonuses that were earned during the week ending on June 30, 2023. Plaintiffs were each promised daily $500 bonuses for working during a strike of the St. Joseph Hospital nurses. Each of the Plaintiffs are owed $2,000 for these unpaid bonuses, not including penalties, interest, liquidated damages or other amounts that may be owed as a result.

## FIRST CLAIM FOR RELIEF
### Defamation:  Slander and Libel

15. Plaintiffs adopts and re-pleads paragraphs 1 through 14 above, and for her claim against Defendants, further alleges as follows:

16. Plaintiffs are private figures.

17. Defendants' false statements both oral and written, exposed Plaintiffs to public hatred, contempt, ridicule, and disgrace.

18. Defendants negligently and/or intentionally and with malice communicated the false statements about Plaintiffs to third parties who reasonably understood that those false statements were about the Plaintiffs.

19. Defendants' false statements were material and caused Plaintiffs to harm Plaintiffs, causing personal humiliation, and mental anguish and suffering.

20. Defendants knew the statements were false and intended for those false statement to harm Plaintiffs.

21. Defendants' wrongful actions and statements damaged Plaintiffs.

WHEREFORE, Plaintiffs seek relief and damages as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### False Light invasion of Privacy

22. Plaintiffs adopts and re-pleads paragraphs 1 through 21 above, and for her claim against Defendants, further alleges as follows:

23. Defendants wrongfully made statements to others about Plaintiffs' concerning their performance as employees.

24. Defendants' statements were false and included, among other statements, the false statements previously alleged.

25. In making and publishing these wrongful and false statements, Defendants were negligent, grossly negligent, and/or maliciously intended to injure Plaintiffs' reputation and standing in the community placing them in a false light.

26. Consequently, Defendants conduct has injured Plaintiffs' reputation and standing in the community, and in their occupation and profession.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (Negligence/Gross Negligence)

27. Plaintiffs adopt and re-plead paragraphs 1 through 26 above, and for her claim against Defendant Ascension Health, further alleges as follows:

5

28. Defendant Ascension Health negligently/gross negligently supervised their employees/agents who, while acting within the scope of their employment and under the supervision of other Ascension Health supervisors, injured Plaintiffs personally and professionally.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
(Intentional Interference with Business Relations)

29. Plaintiffs adopt and re-plead paragraphs 1 through 28 above, and for their claim against Defendants, further allege as follows:

30. Defendants intentionally and maliciously interfered with Plaintiffs' business by, among other things, making false and defamatory statements about Plaintiffs that were intended to harm their business relations with Ascension Connect (and other Ascension hospitals) and Plaintiffs' professional/personal reputations.

31. As a result of such intentional and malicious interference, Plaintiffs lost their jobs with Ascension Connect and are not employable by other Ascension hospitals.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, and for the following relief:

a) Compensatory damages for all financial losses, emotional distress, injury to Plaintiffs' standing and reputation in the healthcare community, personal humiliation, and mental anguish and pain and suffering;

    b)    Actual and punitive damages in an amount exceeding $75,000.00; and,

    c)    Prejudgment and post-judgment interest, costs, and attorneys' fees.

July 1, 2024

Respectfully submitted,

*[signature]*

James M. Love, OBA #10580
**TITUS HILLIS REYNOLDS LOVE**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103
Tel: (918) 587-6800
Fax: (918) 587-6822
jlove@titushillis.com

*Attorneys for Plaintiffs*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**