IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA REED and ANTHONY ACUNA, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 24-cv-00419-SH |
| ASCENSION HEALTH, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' opposed motion for leave to file an amended complaint.[1] For the reasons explained below, the Court grants Plaintiffs' motion and denies, without prejudice, Defendant's motion for judgment on the original pleadings.

**Background**

Plaintiffs Joshua Reed and Anthony Acuna filed this action in Tulsa County District Court on July 1, 2024, asserting claims against Ascension Health for slander and libel; false light invasion of privacy; negligence and gross negligence; and intentional interference with business relations.[2] (ECF No. 2-1.) Plaintiffs allege they were traveling nurses employed by Ascension Connect, LLC. (*Id.* ¶¶ 1, 5.) Generally, Plaintiffs allege that between June and July 2023, Shawnna Yost—an employee of Ascension Health—wrongfully stated, or caused others to state, that Plaintiffs abandoned their final shift working at Christi St. Joseph Hospital, which resulted in their termination, caused a loss of bonus pay, and otherwise harmed their reputation and employability. (*Id.* ¶¶ 5–14.)

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). (ECF No. 35.)

[2] The original petition also asserted claims against Shawnna Yost, who has since been dismissed from the case. (ECF No. 39.)

Ascension Health removed the matter to this Court on September 9, 2024, and filed a motion for judgment on the pleadings on June 20, 2025. (ECF Nos. 2, 45.) Per the scheduling order, the parties had until July 31, 2025, to move to amend their pleadings. (ECF No. 44.)

Plaintiffs now seek leave to file an amended complaint to add claims against Ascension Connect for intentional interference with business relations, unpaid wages, and breach of contract. (ECF No. 46 ¶ 5; ECF No. 46-1 ¶¶ 29–39.) Further, Plaintiffs' proposed amended complaint updates certain allegations to differentiate between actions of Ascension Health, Ascension Connect, and "Ascension" generally. (*Compare, e.g.*, ECF No. 2-1 ¶ 8 *with* ECF No. 46-1 ¶ 8 (clarifying "that Ascension *Health* saw [Plaintiffs' alleged] shift abandonment as a voluntary resignation" (emphasis added)).) Plaintiffs argue that leave to amend should be granted because discovery has not yet begun and "Defendants will have ample opportunity to respond to the Amended Complaint without any disadvantage or prejudice." (ECF No. 46 ¶ 9.) Ascension Health opposes the motion on the basis that amendment would be futile. (ECF No. 49 at 3–12.[3])

## Analysis

**I.    Standard of Review**

Pursuant to Rule 15, a party may, as a matter of course, amend a pleading 21 days after serving it or within 21 days of service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[3] References to page numbers refer to the ECF header.

Refusal of leave to amend in the current circumstances is "generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, . . . or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). The decision whether to grant leave is within the discretion of the trial court. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). When exercising this discretion, the Court must be mindful that the "purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* (citation modified). As such, a "general presumption exists in favor of allowing a party to amend its pleadings . . . ." *Trujillo v. Moore Bros., Inc.*, No. 1:23-CV-00802-RM-SBP, 2024 WL 365037, at *2 (D. Colo. Jan. 3, 2024), *R&R accepted*, 2024 WL 358128 (Jan. 31, 2024).

## II.  Leave to Amend

Ascension Health asserts a number of arguments as to why amendment of Plaintiffs' complaint would be futile. These include (1) that the Court lacks personal jurisdiction over Ascension Connect[4] (ECF No. 49 at 3–6); and (2) that the amended complaint fails to state a claim against Ascension Connect (*id.* at 7–12). Generally, a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "The party opposing the proposed amendment bears the

---

[4] Ascension Health does not explain its standing to assert personal jurisdiction arguments on behalf of a non-party. *See Baldwin v. Pelican Reef Mgmt., LLC*, No. 18-CV-00586-PAB-NYW, 2019 WL 5095715, at *2 (D. Colo. July 25, 2019) ("it is not clear that the existing Defendants have standing to assert any personal jurisdiction . . . arguments on behalf of individuals who are not parties in this action"), *R&R accepted*, 2019 WL 5095656 (Aug. 30, 2019). The Court need not address that issue at this time.

burden of establishing its futility." *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 661 (D. Kan. 2014).

An initial review of Ascension Health's arguments does not persuade the Court that the entirety of the proposed amendments are futile. Moreover, some of the amendments offer clarity as to the particular entity that allegedly performed specific actions in the case and could impact the viability of the claims against Ascension Health—something Ascension Health fails to address.

This is exactly the type of situation where arguments against a proposed amendment are better suited to a dispositive motion, allowing the Court and parties to benefit from a full briefing schedule.[5] "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008); *see also Thompson v. McDonough*, No. 23-cv-499-GKF-SH, slip. op. at 3–4 (N.D. Okla. July 23, 2024). As Judge Gregory K. Frizzell noted in *Thompson*, this approach has been applied a number of times by our sister courts. *See, e.g., Trujillo*, 2024 WL 365037, at *6 (quoting *Gen. Steel*); *Yousif v. Landers Mclarty Olathe KS, LLC*, No. CIV.A. 12-2788-CM, 2013 WL 2458485, at *1 (D. Kan. June 5, 2013) (where defendants oppose "the proposed amendment solely on grounds of futility . . . the Court may properly exercise its discretion to allow the amendment when the party opposing it will have an opportunity to challenge the sufficiency of newly added claims through a motion to dismiss"); *Peter D*

---

[5] As currently situated, Plaintiffs would have to respond to the multiple, potentially dispositive issues raised in Ascension Health's response using the shortened time, page, and subject-matter limitations set out for a reply brief in the local rules. LCvR 7-1(f).

*Holdings, LLC v. Wold Oil Propoerties, LLC*, No. 17-CV-212-R, 2018 WL 10399010, at *4 (D. Wyo. Aug. 20, 2018) (the "arguments raised in opposition to the proposed amendments would be more effectively raised in a separate dispositive motion rather than indirectly under Rule 15(a)"). *But see Hernandez v. Valley View Hosp. Ass'n*, No. 10-CV-00455-REB-MJW, 2010 WL 5157310, at *1 n.3 (D. Colo. Dec. 14, 2010) (cautioning against applying this line of reasoning "regardless of the circumstances," because it "delays the near-inevitable motion to dismiss and, concomitantly, creates potentially unnecessary burdens on the litigants and the court"), *aff'd on other grounds*, 684 F.3d 950 (10th Cir. 2012). Allowing Plaintiffs to file the requested amended complaint will promote the interests of justice and facilitate resolution of any properly pled claims on the merits.

Ascension Health's pending motion for judgment on the pleadings (ECF No. 45) is directed at Plaintiffs' original petition and will become moot upon the filing of the first amended complaint. For this reason, the Court will deny Ascension Health's motion without prejudice to the reassertion of its arguments after the filing of the amended complaint.

## Conclusion

IT IS THEREFORE ORDERED that the *Motion for Leave to File First Amended Complaint* (ECF No. 46) is GRANTED. Plaintiffs shall file their First Amended Complaint by July 30, 2025.

IT IS FURTHER ORDERED that *Defendant Ascension Health's Motion for Judgment on the Pleadings* (ECF No. 45) is DENIED as MOOT.

ORDERED this 23rd day of July, 2025.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT